UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 22-cv-20448

NICOLE AMBROSE,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.

    Defendants.
_____/

## COMPLAINT

Plaintiff, NICOLE AMBROSE ("Ambrose") by and through undersigned counsel, and for his complaint against the Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act "FCRA"), 15 U.S.C. §1692, *et seq.* (Fair Debt Collection Practices Act "FDCPA"), Fla. Stat. §559.55, *et seq.* (Florida Consumer Collection Practices Act "FCCPA"), and breach of contract.

2. The jurisdiction of this Court is conferred by 15 U.S.C. §§1681(p) and 1692k and 28 U.S.C. §1367.

### PARTIES

3. Plaintiff, Ambrose, is a natural person and resident of Miami-Dade County, Florida. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and Fla. Stat. §559.55(8).

4. EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

5. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. EXPERIAN INFORMATION SOLUTIONS, INC ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

8. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. TRANSUNION, L.L.C ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

11. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

13. Midland Credit Management, Inc. ("MCM") is a Kansas corporation. Its registered agent is Midland Funding, LLC, 13008 Telecom Dr., Suite 350, Tampa, FL 33637.

14. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt. Midland filed suit against Camejo in Florida state court.

15. MCM is a "debt collector" as defined under Fla. Stat. §559.55(7).

16. MCM is a "debt collector" as defined under 15 U.S.C. §1692(a)(6).

## FACTUAL ALLEGATIONS

17. MCM filed suit against Ambrose in Miami-Dade County, Florida state court to recover on a defaulted Credit One Bank credit card account ("the debt"). The case style and number are <u>Midland Credit Management, Inc. v. Nicole Ambrose</u>, 20-23165 SP 23.

18. The parties resolved the matter and MCM prepared a Settlement Agreement and Release ("Release"). Both parties signed the Release. A copy of the Release is attached as Exhibit "A."

19. The Release was signed by Ambrose on June 24, 2021, and MCM on August 16, 2021.

20. The Release fully released Ambrose from the debt.

21. MCM filed a Voluntary Dismissal with Prejudice with the state court on September 8, 2021. A copy of the Notice of Voluntary Dismissal with Prejudice is attached as Exhibit "B."

22. MCM improperly and in violation of the FCRA, continues to report the debt on Plaintiff's credit report.

23. On or about December 2, 2021, Plaintiff submitted a dispute letter with attachments to MCM, Equifax, Experian, and TransUnion. The dispute letter attached a copy of the Stipulation. The dispute letter pointed out to all Defendants the improper, derogatory tradeline and requested that the MCM tradeline be updated to reflect the correct account status. A copy of Plaintiff's December 2, 2021, dispute letter is attached hereto as Exhibit "C."

24. All Defendants received Plaintiff's dispute letter and accompanying documents and then Equifax, Experian, and Trans Union relayed those documents and Plaintiff's dispute to MCM and then erroneously verified that the account was valid or failed to cause the derogatory tradeline to be updated.

25. MCM received the dispute and accompanying documents from Experian, Equifax, and Transunion and then erroneously verified the full balance of the account and that it was charged-off. A copy of MCM's response to Plaintiff's dispute letter is attached as Exhibit "D."

26. After Plaintiff requested verification and correction of the erroneous account information, Equifax, Experian, and Transunion failed to evaluate or consider any of the specific information, claims and evidence provided by Plaintiff. Additionally, they did not make any attempt to substantially or reasonably verify MCM's representations.

27. As a result of the erroneous derogatory information, Plaintiff has suffered significant damages, a significant drop in his credit score, the inability to obtain credit, and the aggravation of dealing with Defendants' failure to meaningfully evaluate his dispute.

## **COUNT I AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)**

28. Plaintiff realleges and incorporates paragraphs 1 through 6 and 17 through 27 above as if fully set out herein.

29. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

30. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

31. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

## COUNT II AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

33. Plaintiff realleges and incorporates paragraphs 1 through 6 and 17 through 27 above as if fully set out herein.

34. Equifax violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

35. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

**COUNT I AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)**

38. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, and 17 through 27 above as if fully set out herein.

39. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

43. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, 17 through 27 above as if fully set out herein.

44. Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

45. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

### COUNT I AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

48. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, 17 through 27 above as if fully set out herein.

49. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

50. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

  a) Actual damages in an amount to be proved at trial;
  b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
  e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

53. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 17 through 27 above as if fully set out herein.

54. Transunion violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to MCM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

55. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; specifically having to extend a lease on an unwanted vehicle and being unable to obtain a new lease for a new vehicle, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

56. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Transnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT I AS TO MCM'S VIOLATION OF 15 U.S.C. §1681s-2(b)

58. Plaintiff realleges and incorporates paragraphs 1 through 3, 13 through 27 above as if fully set out herein.

59. MCM violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify the MCM representation within Plaintiff's credit files with Equifax, Experian, and Transunion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' dispute of the MCM representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MCM representations to the consumer reporting agencies.

60. As a result of this conduct, action and inaction of MCM, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, specifically being unable to obtain financing to purchase a home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

61. MCM's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against MCM for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT III AS TO MCM'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §559.72(9)

63. Plaintiff realleges and incorporates paragraphs 1 through 3, 13 through 26, and 27 above as if fully set out herein.

64. MCM continues to improperly report the debt on Plaintiff's credit reports.

65. MCM is improperly reporting the debt on Plaintiff's credit reports in an attempt to collect on a debt that has already been forgiven.

66. MCM, by reporting the debt on Plaintiff's credit report, is attempting to claim or enforce a debt when it knew the debt was not legitimate or knew that the legal right to collect the debt did not exist in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff demands judgment be entered in his favor and against MCM for the following:

    a) Statutory damages;

    b) Costs and attorney's fees; and

    c) Such other and further relief as this Court deems just and proper.

### COUNT IV AS TO MCM'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiff realleges and incorporates paragraphs 1 through 3, 13 through 26, and 27 above as if fully set out herein.

68. MCM continues to improperly report the debt on Plaintiff's credit reports.

69. MCM is improperly reporting the debt on Plaintiff's credit reports in an attempt to collect on a debt that has already been forgiven.

70. MCM, by reporting the debt on Plaintiff's credit report, is attempting to claim or enforce a debt when it knew the debt was not legitimate or knew that the legal right to collect the debt did not exist in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff demands judgment be entered in his favor and against MCM for the following:

   d) Statutory damages;

   e) Costs and attorney's fees; and

Such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:    754-800-5299
service@debtshieldlaw.com
joel@debtshieldlaw.com

   /s/ Joel D. Lucoff
Joel D. Lucoff
Fla. Bar No. 192163